THE HONORABLE RONALD B. LEIGHTON

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE WESTERN DISTRIC OF WASHINGTON

10

| | |
|---|---|
| 11  SOUND SECURITY, INC., a Washington corporation | CASE NO.: C08-5350 RBL |
| 12  Plaintiff, | NOTICE OF MOTION AND MOTION TO MODIFY PROTECTIVE ORDER BY NON-PARTY SONITROL NATIONAL DEALERS ASSOC. |
| 13 | |
| 14  vs. | |
| 15  SONITROL CORPORATION, a Delaware corporation, *et al.* | NOTE ON MOTION CALENDAR: June 8, 2009 |
| 16  Defendants. | **ORAL ARGUMENT REQUESTED** |
| 17 | |

18

19          TO ALL PATIES AND THIER ATTORNEYS OF RECORD:  PLEASE TAKE NOTICE

20   THAT ON June 8, 2009 or as soon thereafter as the matter may be heard in the above-entitled

     Court, The Sonitrol National Dealer's Association ("SNDA") will and hereby does move for an
21
     order Modifying this Court's Protective Order of May 21, 2009, to additionally require Sonitrol
22
     to pay SNDA's reasonable costs of complying with discovery.
23

24

25

26

27

28

**SINGLER, NAPELL & DILLON, LLP**
127 S. Main Street, Sebastopol, CA 95472
Tel. (707) 823-8719  Fax (707) 823-8737

1

**TABLE OF CONTENTS**

I.   INTRODUCTION..............................................................................................................1

II.  MEMORANDUM OF LAW ..........................................................................................2

    A.   Standard for Modifying the Protective Order...................................................2

    B.   SNDA will Suffer Undue Burden and Expense if it is Forced to Pay the
        Costs of Complying with Sonitrol's Discovery Requests....................................3

        1.   Non-Party Status:....................................................................................4

        2.   The Scope of the Discovery ....................................................................5

        3.   The Invasiveness of the Request; ...........................................................6

        4.   The Extent to which the Producing Party must Separate
            Responsive Information from Privileged or Irrelevant Material .............6

        5.   The Reasonableness of the Costs of Production; ....................................6

        6.   The Non-Party's Interest in the Outcome of the Litigation.....................6

        7.   The Relevance of the Requested Material ...............................................7

        8.   The Relative Recalcitrance of those Involved .........................................7

        9.   Other factors the Court Should Consider ...............................................8

    C.   Relief Requested. ...............................................................................................10

III. Conclusion ....................................................................................................................10

**SINGLER, NAPELL & DILLON, LLP**
127 S. Main Street, Sebastopol, CA 95472
Tel. (707) 823-8719  Fax (707) 823-8737

1

## I.     INTRODUCTION

2       This is a dispute between a franchisee, the Plaintiff Sound Security Inc. ("SSI"), and its

3  franchisor, Sonitrol Franchise Company LLC ("Sonitrol").  Among other claims, SSI alleges that

4  Sonitrol negotiated with SSI's franchisee association, The Sonitrol National Dealers Association

5  ("SNDA"), in bad faith, concerning the terms of a prospective franchise agreement between SSI

6  and Sonitrol and the terms of a prospective uniform franchise agreement for all franchisees (the

7  "Franchise Negotiations").   In response, Sonitrol served deposition subpoenas on SNDA and six

8  of its Directors, seeking testimony and documents relating to the Franchise Negotiations.

9       SNDA and Sonitrol filed a joint CR 37 submission, asking the Court to determine the

10  extent of production.  On May 21, 2009, the court ruled that SNDA and its directors must produce

11  non-privileged documents by June 12, 2009 along with a privilege log, but that any confidential

12  commercial information shall be subject to an attorney's eyes only protective order.  In the joint

13  submission, and at the hearing, SNDA reserved the right to recover its costs for complying with

14  Sonitrol's discovery.  The court stated that SNDA could seek to recover those costs, but noted that

15  it is not the Court's practice to award such costs.

16       SNDA now finds itself facing a troubling dilemma.  The court has ordered SNDA to

17  comply with Sonitrol's discovery requests, yet SNDA has no money to pay for doing so.   Unless

18  Sonitrol is required to pay for the discovery it seeks, SNDA and its volunteer Directors are faced

19  with the unacceptable catch-22 of not complying with the Court's order and facing contempt, or

20  waiving SNDA's privileges and simply turning over all of the documents without counsel's review.

21  Obviously, neither alternative is acceptable to SNDA.

22       While the Court's stated inclination to not shift costs is not lost on SNDA, it finds itself

23  compelled to bring this motion by the financial realities it faces, and hopes to illuminate the

24  circumstances and convince the Court that this is not the typical case of a non-party deponent

25  bearing the cost of a simple deposition and some minimal document production.   Here, the cost to

26  SNDA to comply with the production will be quite significant and would create a huge burden on

27  the non-profit organization's limited finances.  Sonitrol has requested production of what will

28

1

amount to thousands of documents from each of the seven deponents.   Thus, considerable

attorney time will be necessary to review the documents to determine which are privileged and/or

confidential, which may simply be produced, and then to prepare a privilege log and mark the

confidential documents as attorney's eyes only.

While the decision to shift costs lies within the discretion of the District Court, Rule 45 and

the relevant case law make it clear that an order requiring production must protect a non-party

from significant expense resulting from compliance.   The 9th Circuit has also set out various non-

exclusive guidelines that the court should consider.   Under the facts of this case, virtually all of the

suggested guidelines weigh heavily in favor of awarding SNDA its costs.   SNDA therefore

respectfully requests that the Court modify the protective order in this case to require Sonitrol to

pay SNDA's costs of complying with the subpoenas as they are incurred.


## II.        MEMORANDUM OF LAW

### A.        <u>Standard for Modifying the Protective Order</u>

Although Rule 26(c) does not refer to modification of protective orders, case law

recognizes that a protective order may be modified for good cause shown.  [See *Osband v.

Woodford*, 290 F3d 1036, 1039 (9th Cir. 2002) "A party subject to a protective order is generally

free to return to the issuing court to seek modification of the order."].   FRCP Rule 26 states that

"[t]he court may, for good cause, issue an order to protect a party or person from … undue burden

or expense."   To reach this goal, the party benefited by the discovery may be ordered to pay all or

part of the legal fees or other expenses reasonably incurred by a nonparty in complying with a

subpoena to produce documents or other materials. [See *In re First American Corp.* 184 FRD 234,

240 (SD NY 1998); see also *U.S. v. Columbia Broadcasting System, Inc.*  666 F.2d 364, 371 (9th

Cir.1982), *cert. denied* 457 U.S. 1118].

MOTION TO MODIFY PROTECTIVE ORDER
No. C08-5350 RBL
366/05/0025.5

**SINGLER, NAPELL & DILLON, LLP**
127 S. Main Street, Sebastopol, CA 95472
Tel. (707) 823-8719  Fax (707) 823-8737

**B.  SNDA will Suffer Undue Burden and Expense if it is Forced to Pay the Costs of Complying with Sonitrol's Discovery Requests.**

It is well settled that there is a great deference towards protecting non-parties from being subjected to the costs of complying with a party's discovery demands.

> Although party witnesses must generally bear the burden of discovery costs, the rationale for the general rule is inapplicable where the discovery demands are made on nonparties. Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party. [*U.S. v. Columbia Broadcasting System, Inc.* 666 F.2d 364, 371 (9th Cir.1982)].

In fact, the practice commentary to FRCP Rule 45 suggests that it is mandatory that the Court defray a non-party's costs of compliance.

> If the court does grant the motion, and makes an order to compel, and the person against whom it is made is not a party, the court is required to ("shall") include in the order a provision for defraying the expenses that the production, inspection, copying, etc., may require. Ordinarily, the order should arrange for the defraying before the nonparty incurs the expense, but the Advisory Committee notes say that this is not a rigid rule; that costs, notably "uncertain" costs, can be left to future ascertainment and payment. Any postponement in payment must in any event consider the financial strength of the nonparty involved. [Practice Commentary, C45-21, FRCP, Rule 45 at 389].

In *U.S. v. CBS*, the U.S. Department of Justice brought anti-trust claims against two television networks: CBS and ABC (the "Networks").  Defending against the government's claims, the two Networks subpoenaed documents and testimony from five non-party studios (the "Studios").  After the trial, the Studios sought to recover their costs of producing documents and attending the depositions, but the District Court denied their request without explanation.

Although the Appellate Court acknowledged the District Court's discretion in deciding whether to shift the cost of discovery, it remanded the case with rather strong directives.

> We conclude that, without guidance from the district court, the record before us affords an insufficient basis for determining whether the district court properly exercised its discretion in denying the studios any reimbursement for their discovery costs. ***Although we believe that, barring factors of which we are now unaware, the studios are entitled to the award of some compensation, the present record provides an inadequate basis for determining what amount if any would be***

3

**SINGLER, NAPELL & DILLON, LLP**
127 S. Main Street, Sebastopol, CA 95472
Tel. (707) 823-8719  Fax (707) 823-8737

> *reasonable.* Accordingly, we remand the matter to the district court for re-examination of the issue in light of this opinion, and for preparation of adequate findings of fact and conclusions of law supporting its eventual decision. [*U.S. v. Columbia Broadcasting System, Inc.*, *supra* at 372 (emphasis added)].

The Court identified several factors that the District Court should consider when exercising its discretion:

1. a witness's nonparty status
2. the scope of the discovery;
3. the invasiveness of the request;
4. the extent to which the producing party must separate responsive information from privileged or irrelevant material;
5. the reasonableness of the costs of production;
6. the non-party's interest in the outcome of the litigation;
7. the relevance of the requested material; and
8. the relative recalcitrance of those involved

The Court noted that "[w]hile these considerations are important, [it did] not view them as inflexible or exclusive." [*Id.* at 372 fn. 10]. The Court nonetheless outright rejected the Network's argument that the studios were large corporations that could afford the costs stating that "even large nonparty corporations like the studios should not be compelled to subsidize the defense of other large corporations." [*Id.* at 372]. Application of the *CBS* factors here strongly supports awarding SNDA the costs it will incur in complying with the subpoenas.

### 1. Non-Party Status:

This very important factor clearly favors SNDA. None of the SNDA members subpoenaed to testify and produce documents are parties to the lawsuit. When analyzing the factors, the witness's non-party status is given considerable weight. [See *id.* at 371-72; see also *Guy Chemical Co., Inc. v. Romaco AG* 243 F.R.D. 310, 313 (N.D.Ind.,2007) (emphasis added) stating:

> The most crucial factor to this Court is the fact that ABRO is a non-party. Non-party status is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue. It is clear that discovery in the hands of a non-party is subject to discovery under the Federal Rules. But that does not mean non-parties must yield discovery that causes undue burdens, as evidenced by the protections in

4

MOTION TO MODIFY PROTECTIVE ORDER
No. C08-5350 RBL
366/05/0025.5

**SINGLER, NAPELL & DILLON, LLP**
127 S. Main Street, Sebastopol, CA 95472
Tel. (707) 823-8719  Fax (707) 823-8737

the Federal Rules.  Non-parties understandably object to paying the litigation costs of other parties.  Simply put, it is not ABRO's lawsuit and they should not have to pay for the costs associated with someone else's dispute.  ***Not only is it fundamentally unfair for non-parties to bear the significant litigation costs of others, but also if this Court were to allow litigating parties like Romaco to impose such a burden on non-parties, then the likelihood of cooperation by non-parties in the future would be placed in jeopardy.***

Thus, from the start, the scale should be greatly tipped in SNDA's favor.

### 2.    The Scope of the Discovery

Sonitrol was given the opportunity to narrow its discovery requests, but chose not to. Instead of limiting its document requests regarding the Franchise Negotiations to documents relevant to bad faith, it has sought all documents relating to the Franchise Negotiations. Understandably, there was considerable motivation for it to seek even those documents not relevant to SSI's Bad Faith claim, since discovering those might give it an edge in the Negotiations.  However, the broad reach of its requests means that this factor weighs heavily in favor of SNDA.

In addition, this is not a case of a party taking one or two depositions of local non-parties. Here, Sonitrol intends to take the depositions of six SNDA members and also the corporation's designee.  This amounts to a total of seven depositions located all across the country

In *Standard Chlorine of Delaware, Inc. v. Sinibaldi*, 821 F.Supp. 232 (D.Del.,1992) the court held that requests were onerous and broad where it required a non-party bank to expend 56 hours and produce 2,500 pages of documents.   In *Kean v. Van Dyken*  2006 WL 374502, 5 (W.D.Mich.) the court pointed out the dangers of broadly drafted requests.

> When nonparties are forced to pay the costs of discovery, the requesting party has no incentive to deter it from engaging in fishing expeditions for marginally relevant material. Requesters forced to internalize the cost of discovery will be more inclined to make narrowly-tailored requests reflecting a reasonable balance between the likely relevance of the evidence that will be discovered and the costs of compliance.

Sonitrol's broad request for every document relating to the Franchise Negotiations is a fishing expedition that it should be required to pay for.

MOTION TO MODIFY PROTECTIVE ORDER
No. C08-5350 RBL
366/05/0025.5

**SINGLER, NAPELL & DILLON, LLP**
127 S. Main Street, Sebastopol, CA 95472
Tel. (707) 823-8719  Fax (707) 823-8737

1

2

3.     **The Invasiveness of the Request;**

3

4

There is no doubt that the requests are particularly invasive.  Sonitrol is seeking

5

confidential commercial documents relating to its Franchise Negotiations with SNDA over a new

6

Franchise Agreement.  The fact that the Court issued an "attorney's eyes only" protective order for

7

the documents eliminates any argument to the contrary.  Thus, this factor weighs heavily in favor

8

of SNDA.

9

4.     **The Extent to which the Producing Party must Separate**
       **Responsive Information from Privileged or Irrelevant Material**

10

Most of the Documents requested are privileged or constitute confidential commercial

11

information that is subject to the attorney's eyes only protective order.  [See Dillon Decl. at ¶3].

12

Preliminary searches indicate that each deponent may have several thousand documents that relate

13

to the franchise negotiations. [*Id.*].  A large number of these documents are emails between

14

SNDA's counsel and its Board and/or members.   In addition, many of those documents that did

15

not include counsel but discuss the negotiations are confidential commercial information subject

16

to the protective order.  Separating these thousands of documents will be an enormous task.

17

Preparing the privilege log will be even greater.  Thus this factor weighs heavily in favor of

18

SNDA.

19

5.     **The Reasonableness of the Costs of Production;**

20

21

This factor does not seem to apply to the determination of whether to shift costs or not, but

22

instead goes to what amount is reasonable.  At this stage, the amount is not yet at issue and this

23

factor offers no weight either way to balancing whether or not SNDA should be entitled to recover

24

its costs from Sonitrol.

25

6.     **The Non-Party's Interest in the Outcome of the Litigation**

26

SNDA has no interest in the outcome of this litigation.  This is a dispute between Sonitrol

27

and a single franchisee with no system wide ramifications.  It is essentially an argument over one

28

6

MOTION TO MODIFY PROTECTIVE ORDER
No. C08-5350 RBL
366/05/0025.5

**SINGLER, NAPELL & DILLON, LLP**
127 S. Main Street, Sebastopol, CA 95472
Tel. (707) 823-8719  Fax (707) 823-8737

franchise territory, the outcome of which will not affect SNDA or any member other than SSI, the Plaintiff in this lawsuit.

Sonitrol has tried to connect SDNA's lawsuit against Sonitrol in California with this one, but its past attempts were red herrings. The lawsuit in California is limited to system-wide issues involving interpretations of the existing franchise agreements. There is no claim of Bad Faith regarding the Franchise Negotiations in that lawsuit, nor does SNDA intend to bring such a claim. SSI's claims in this lawsuit are completely unrelated, and simply irrelevant to any claims in SNDA's lawsuit. [Dillon Decl at ¶5]. A win or loss by SSI will have absolutely no effect on SNDA's California lawsuit. Given SNDA's complete lack of interest in this lawsuit, this factor weighs heavily in favor of SNDA.

### 7.    The Relevance of the Requested Material

Although SNDA still contends that the vast amount of the information sought is irrelevant to the issue of Bad Faith, the Court's order to produce the documents requires the assumption of relevance. However, this is the only factor that weighs in Sonitrol's favor.

### 8.    The Relative Recalcitrance of those Involved

SDNA does not believe there has been much recalcitrance on either side. Counsel for both SNDA and Sonitrol have enjoyed a cordial working relationship and are currently working to take the depositions in the most expedient and cost effective manners. However, it is worth pointing out that SNDA requested the relief granted in the protective order, i.e., an attorney's eyes only order, while Sonitrol argued only for full unfettered production of documents. An understandable, but not necessarily reasonable position, since prevailing would clearly have given Sonitrol an unfair advantage in the Franchise Negotiations. In addition, Sonitrol did nothing to narrow the scope of the requests. It argued for its broad requests, seeking all documents relating to the Franchise Negotiations, claiming that SSI's Complaint was vague. However, it apparently made no effort to narrow potential requests through tailored discovery directed at SSI, before it went

MOTION TO MODIFY PROTECTIVE ORDER
No. C08-5350 RBL
366/05/0025.5

**SINGLER, NAPELL & DILLON, LLP**
127 S. Main Street, Sebastopol, CA 95472
Tel. (707) 823-8719  Fax (707) 823-8737

after the documents from a non-party.  Moreover, its subpoenas to members of SNDA's negotiation team will undoubtedly be duplicative since the members were copied on all of the same e-mails and documents.  Thus, any weight given to this factor, should be given to SNDA.

### 9.   Other factors the Court Should Consider

Here, SNDA is a non-profit trade association that has no budget for the expected expenses of compliance.  In addition, Sonitrol will unfairly benefit from inflicting discovery costs on SNDA in this lawsuit, because it will necessarily divert funds SNDA would otherwise have been able to use for prosecuting its California Lawsuit.   This is exactly the concern raised by the court in the *CBS* case, since "[n]onparty witnesses are powerless to control the scope of litigation and discovery."  As a party, SNDA can frame its claims in the California case, and thus control the scope of discovery there, but has no ability to control whether SSI brings claims such as its Bad Faith claim.  If SNDA is forced to bear these costs, Sonitrol is free to use discovery in this case as a backdoor means to reduce SNDA'a capabilities in the California Lawsuit.  It is already having this effect as SNDA's counsel has been forced expend significant time on this case, when he would otherwise have been working on the California case. [Dillon Decl. at 6].  That is an undue burden that should not be inflicted on SNDA.

In addition, the costs here are significant.  It will require considerable time to locate the documents, separate the privileged and confidential materials, prepare privilege logs and then produce the documents that must be produced.  It has already cost SNDA more than $26,000 to: review the documents Mr. Bradley and Mr. Dopp possessed relating to the Franchise Negotiations; to begin preparing a privilege log; and to move for the attorney's eyes only protective order.  Given that SNDA had to review more than 3,000 documents from Mr. Bradley relating to SNDA and the Franchise Negotiations, and it is reasonable to expect each of the other subpoenaed members will have similar numbers of documents since they were members of the negotiating team.  In addition, the subpoenaed members are located all across the country.  Thus the expense for the depositions will be considerable as well. Sonitrol has offered to reimburse SNDA's copying

8

MOTION TO MODIFY PROTECTIVE ORDER
No. C08-5350 RBL
366/05/0025.5

**SINGLER, NAPELL & DILLON, LLP**
127 S. Main Street, Sebastopol, CA 95472
Tel. (707) 823-8719  Fax (707) 823-8737

1    and mailing costs, but that falls far short of compensating SNDA for the considerable legal fees it

2    will necessarily incur preparing privilege logs and reviewing the documents; and flying across the

3    country to attend seven depositions.  Thus the magnitude of the burden is an additional factor

4    weighing heavily in favor of SNDA.

5           Sonitrol may attempt to argue that the deponents were served individually, and thus the

6    burden on SNDA is not the issue.  This argument would be a Red Herring.  SNDA is one of the

7    subpoenaed deponents, and the other six are all SNDA members.  The only reason the other six

8    have been subpoenaed is because of their knowledge relating to their actions as volunteer

9    members of the SNDA negotiating team.  And for that reason, SNDA's bylaws require it to

10   indemnify the deponents and pay their costs relating to this discovery.  Regardless the individuals

11   are still non-parties, and the adverse affect is the same if not actually less since SNDA is providing

12   a joint defense.

13          Moreover, SNDA is a California Corporation and California has recognized that Public

14   Policy should encourage volunteer directors to participate in non-profit corporations.

15                   (a) The Legislature finds and declares that the services of directors and
16               officers of nonprofit corporations who serve without compensation are
                 critical to the efficient conduct and management of the public service
17               and charitable affairs of the people of California. The willingness of
                 volunteers to offer their services has been deterred by a perception that
18               their personal assets are at risk for these activities.  [Corp Code §
                 5047.5]
19
20          Accepting the argument that the individual members being deposed can bear the costs

21   instead of SNDA, would have a chilling effect on future members volunteering for any managing

22   positions.  Thus the Court should view as a red herring, any argument Sonitrol might make that the

23   individual members being deposed should be the focus when considering the above factors.

24

25

26

27

28
MOTION TO MODIFY PROTECTIVE ORDER                    **SINGLER, NAPELL & DILLON, LLP**
No. C08-5350 RBL                                     127 S. Main Street, Sebastopol, CA 95472
366/05/0025.5                                        Tel. (707) 823-8719  Fax (707) 823-8737

1

### C.      Relief Requested.

2

The 9th Circuit has stated that interim reimbursement is appropriate and is

3

authorized by the court's general power to award costs under FRCP 45 or 26. [See *U.S. v.*

4

*Columbia Broadcasting System, Inc.* 666 F.2d 364, 368 (9th Cir. 1982)].  The practice

5

commentary for FRCP Rule 45 confirms this as well stating that "[o]rdinarily, the order should

6

arrange for the defraying before the nonparty incurs the expense." [Practice Commentary, C45-21,

7

FRCP, Rule 45 at 389].

8

SNDA respectfully requests that the Court modify the protective order to require

9

Sonitrol to reimburse SNDA for its costs of complying with the Subpoena including: copying

10

charges; expenses associated with finding and organizing the documents; attorney's fees and

11

paralegal costs for reviewing the documents for privilege and confidentiality; attorney's fees for

12

counsel attending the depositions; attorney's fees for producing a privilege log; and other

13

incidental costs associated with the production.

14

15

## III.     CONCLUSION

16

If forced to incur the costs of complying with Sonitrol's deposition subpoenas, SNDA will

17

suffer great harm.  It has no money to pay these costs which places its members in the untenable

18

position of ignoring the subpoenas and facing contempt, or waiving its rights to protect its

19

privileged and confidential information by just turning over all of the documents.  Neither

20

outcome is acceptable.  On the other hand, Sonitrol and its parent Stanley are very large

21

corporations that can easily absorb the amount of costs that SNDA will incur.  In addition,

22

virtually every factor set forth by the 9th Circuit to be considered weighs in favor shifting the costs

23

from SNDA to Sonitrol.  Based on the forgoing, SNDA respectfully requests the Court modify the

24

protective order as requested.

25

26

27

28

MOTION TO MODIFY PROTECTIVE ORDER
No. C08-5350 RBL
366/05/0025.5

**SINGLER, NAPELL & DILLON, LLP**
127 S. Main Street, Sebastopol, CA 95472
Tel. (707) 823-8719  Fax (707) 823-8737

1

**CERTIFICATION**

2

I certify that prior to making this submission the parties conferred to attempt to resolve this discovery
dispute.

3

4

Dated: May 28, 2009                    SINGLER, NAPELL & DILLON, LLP

5

6

By  /s/  Bryan W. Dillon  _____

7

Bryan W. Dillon (*Pro Hac Vice*)

8

BRYAN W. DILLON (SBN 203052)
SINGLER, NAPELL & DILLON, LLP

9

127 S. Main Street
Sebastopol, California 95472

10

Tel.: (707) 823-8719
Fax:  (707) 823-8719

11

e-mail:  bwd@singler-law.com

12

Local Counsel:
HOWARD MORRILL

13

GORDON THOMAS HONEYWELL
One Union Square

14

600 University, Suite 2100
Seattle, Washington 98101

15

Phone: (206) 676-7513
Fax: (206) 676-7575

16

e-mail: HMorrill@gth-law.com

17

Attorneys for Sonitrol National Dealers
Association (SNDA)

18

19

20

21

22

23

24

25

26

27

28

MOTION TO MODIFY PROTECTIVE ORDER
No. C08-5350 RBL
366/05/0025.5

**SINGLER, NAPELL & DILLON, LLP**
127 S. Main Street, Sebastopol, CA 95472
Tel. (707) 823-8719  Fax (707) 823-8737

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th of May, 2009, I caused to be served the foregoing

NOTICE OF NOTION AND MOTION TO MODIFY PROTECTIVE ORDER BY NON-

PARTY SONTIROL DEALERS ASSOC. and DECLARATION OF BRYAN W. DILLON on

the following parties at the following addresses via CM/ECF:

| | |
|---|---|
| Jeffrey Grossman | Louis D. Peterson |
| Christopher J. Lowe | Brian C. Free |
| Stradley Ronon Stevens & Young LLP | Hillis Clark Martin & Peterson |
| 2600 One Commerce Street | 500 Galland Building |
| Philadelphia PA 19103-7098 | 1221 Second Avenue |
| | Seattle WA 98101-2925 |
| Attorneys for Defendant Sonitrol Corporation | |
| | Attorneys for Defendant Sonitrol Corporation |
| | |
| Francis X. Manning | Susan L. Ford |
| Stradley Ronon Stevens & Young LLP | Bullivant Houser Bailey PC |
| Woodland Falls Corporate Park | 300 Pioneer Tower |
| 200 Lake Drive East Suite 100 | 888 SW Fifth Avenue |
| Cherry Hill NJ 08002 | Portland OR 97204-2089 |
| | |
| Attorneys for Defendant Sonitrol Corporation Inc. | Attorneys for Plaintiff Sound Security, |

By /s/ Bryan W. Dillon_____

Bryan W. Dillon, *Pro Hace Vice*

Attorneys for SNDA

CERTIFICATE OF SERVICE                                                        Page 1

12