THE HONORABLE RONALD B LEIGHTON

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SOUND SECURITY, INC., A WASHINGTON CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SONITROL CORPORATION, a Delaware corporation, et al.<br><br>Defendant. | No.:: C08-5350 RBL<br><br>[PROPOSED] **ORDER ON MOTION FOR LEAVE FOR MODIFICATION OF PROTECTIVE ORDER BY NONPARTY SONITROL NATIONAL DEALERS ASSOCIATION** |

The Court, having considered the Motion for Modification of the Protective Order by Nonparty Sonitrol National Dealers Association (the "Motion") and the papers filed in connection therewith, states as follows:

It is HEREBY ORDERED this ____ day of _____, 2009 that the Motion is DENIED.

_____
HONORABLE RONALD B. LEIGHTON
UNITED STATES DISTRICT COURT JUDGE

*[PROPOSED] ORDER ON MOTION FOR MODIFICATION OF PROTECTIVE ORDER BY NONPARTY SONITROL NATIONAL DEALERS ASSOCIATION - Page 1 of 1*

HILLIS CLARK MARTIN & PETERSON, P.S.
500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

L.# 949467 v 1

THE HONORABLE RONALD B LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SOUND SECURITY, INC., A WASHINGTON CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SONITROL CORPORATION, a Delaware corporation, et al.<br><br>Defendant. | No.:: C08-5350 RBL<br><br>**DEFENDANTS' OPPOSING BRIEF TO SNDA'S MOTION TO MODIFY PROTECTIVE ORDER**<br><br>Noted: June 8, 2009 |

Defendants Sonitrol Corporation, Sonitrol Holding Corporation, Sonitrol Holding, LLC, The Stanley Works, Stanley Security Solutions, Inc., SecurityCo Solutions, Inc., Stanley Convergent Security Solutions, Inc. and Sonitrol Franchise Company, LLC (collectively, "Defendants") oppose the Motion of The Sonitrol National Dealers Association ("SNDA") To Modify The Protective Order and require cost shifting for SNDA's Subpoena compliance. In support of their opposition, Defendants state as follows:

I. **INTRODUCTION**

SNDA asks this Court to award costs and attorneys fees, estimated at more than $26,000.00, that SNDA claims it incurred for <u>voluntarily</u> having its lawyer review the

*Defendants' Opposing Brief to SNDA Motion to Modify Protective Order and Require Cost Shifting for Subpoena Compliance (3:08-cv-5350 RBL) - Page 1 of 8*

HILLIS CLARK MARTIN & PETERSON, P.S.
500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

L # 949348 v 1

documents of Plaintiff, Sound Security, Inc. ("SSI"), before SSI produced these documents to Defendants. SNDA also seeks an award for costs and attorney's fees for an unspecified sum exceeding an estimated $60,000, that SNDA believes it will incur to comply with subpoenas it received for documents and witness testimony, relating to SNDA's negotiations over a uniform franchise agreement with Defendant Sonitrol Corporation and/or Sonitrol Corporation's successors in interest (hereinafter, "Sonitrol"). Because the law and the federal rules do not provide for cost-shifting under any of the circumstances SNDA presents here, its motion should be denied.

## II. ARGUMENT

### A. Standard for Cost Sharing or Cost Shifting under the Federal Rules

Generally, courts require a nonparty like SNDA to bear its own costs and attorney's fees to comply with a subpoena to testify or produce documents. *See* 9 Moore's Federal Practice § 45.33[2] (3d ed. 2008); *see also Behrend v. Comcast Corp.*, 248 F.R.D. 84, 86 (D.Mass. 2008). In exceptional cases, a court may award partial reimbursement from the party who issued the subpoena under either Fed.R.Civ.P. 45(b) or 26 -- if the party requesting reimbursement establishes through evidence that compliance constitutes an undue burden.

The Ninth Circuit has observed how litigants may use the Rules "creatively to require interim reimbursement and reimbursement of costs at the conclusion of discovery." *U.S. v. Columbia Broadcasting System, Inc.*, 666 F.2d 364, 368 (9th Cir. 1982). Although the court recognized that "a witness's nonparty status is an important factor to be considered in determining whether to allocate discovery costs on the demanding or producing party," it nevertheless "decline[d] to curtail district courts' discretion over the discovery process by adopting formal guidelines favoring nonparty reimbursement." *Id.* at 371-2. Moreover, even

*Defendants' Opposing Brief to SNDA Motion to Modify Protective Order and Require Cost Shifting for Subpoena Compliance (3:08-cv-5350 RBL) - Page 2 of 8*

HILLIS CLARK MARTIN & PETERSON, P.S.
500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

L. # 949348 v 1

when a court exercises its protective powers under Rule 45 or Rule 26, it need not cost-shifting. *In re First American Corp.*, 184 F.R.D. 234, 240 (S.D.N.Y. 1998) ("It is not necessarily clear that 'protect' means that the requesting party foot the nonparty's bill of compliance."). To the contrary, any cost-sharing or cost-shifting is subject to the facts of each case, and "a non-party [like SNDA] can be required to bear some or all of its expenses where the equities of a particular case demand it." *In re Exxon*, 142 F.R.D. at 383 (emphasis added); *see also In re First American*, 184 F.R.D. at 241. Based on equitable considerations, a court may require the nonparty to entirely bear its own costs and attorney's fees associated with compliance.

As a court considers the equities of a particular case, three key factors guide its determination: (1) whether the nonparty actually has an interest in the outcome of the case; (2) whether the nonparty can more readily bear the costs than the requesting party; and (3) whether the litigation is of public importance. *In re Exxon*, 142 F.R.D. at 383; *accord In re First American*, 184 F.R.D. at 241. Ninth Circuit jurisprudence reveals several other factors that a court may weigh when considering how to allocate costs of a nonparty's compliance with subpoenas for discovery materials: (1) the scope of discovery; (2) the invasiveness of the request; (3) the extent to which the producing party must separate responsive information from privileged or irrelevant material; (4) the relevance of the requested material; and (5) the relative recalcitrance of those involved. *Columbia Broadcasting*, 666 F.2d at 371-2. This list is not exhaustive.

The three key factors outlined above, the factors suggested by the Ninth Circuit, and other equities that the court may consider all weigh in favor of SNDA's bearing its own costs and attorney's fees associated with subpoena compliance.

*Defendants' Opposing Brief to SNDA Motion to Modify Protective Order and Require Cost Shifting for Subpoena Compliance (3:08-cv-5350 RBL) - Page 3 of 8*

HILLIS CLARK MARTIN & PETERSON, P.S.
500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

L. # 949348 v 1

B.   **SNDA Has A Substantial Interest in the Outcome of the Case**

Plaintiff SSI and movant SNDA are related entities. SSI is a Sonitrol franchisee and prominent member of the SNDA. SSI's President and shareholder, Beau Bradley, is a past President and board member of SNDA. SSI's General Manager, Jim Dopp, was a member of the SNDA Contract Negotiating Committee, which negotiated on behalf of SNDA and its membership with Sonitrol for over two years on terms for a uniform franchise agreement. SSI, along with other Sonitrol franchisees, funds the SNDA through annual dues and other contributions. In turn, the SNDA promotes the interests of SSI along with other Sonitrol franchisee members. The SNDA's lawsuit against Sonitrol, pending in the Superior Court of California, County of San Francisco, is one example of how SNDA attempts to promote the interests of SSI and other Sonitrol franchisees. Likewise, SSI's claims against Sonitrol in this case, in particular its claim for bad faith conduct relating to Sonitrol's negotiations with SNDA, is of importance to SNDA and its other franchisee members. That is why SNDA voluntarily spent the claimed $26,000 in attorney's fees to have its lawyer review SSI's documents, before SSI produced them to Sonitrol in response to Sonitrol's document requests directed to SSI, not directed to SNDA.

In ruling on a similar issue, one federal court observed that an association may retain an interest in litigation involving one or some of its members. *See Wilk v. American Medical Ass'n*, 1979 WL 185611 at *2 (D.D.C. Oct. 11, 1979) (stating International Chiropractors Association had "obvious and understandable substantial interest in the outcome of the pending antitrust suit" brought by five chiropractors against American Medical Association). The *Wilk* court ruled that the International Chiropractors Association's costs of compliance with Defendant American Medical Association's subpoena to produce documents was

*Defendants' Opposing Brief to SNDA Motion to Modify Protective Order and Require Cost Shifting for Subpoena Compliance (3:08-cv-5350 RBL) - Page 4 of 8*

HILLIS CLARK MARTIN & PETERSON, P.S.
500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

L # 949348 v 1

"business overhead" and declined to award reimbursement. *Wilk v. American Medical Ass'n*, 1979 WL 185611 at *2 (D.D.C. Oct. 11, 1979). The same conclusion should result here.

### C.   SNDA Has Not Established Undue Burden

A nonparty's assertion of undue economic burden and request for modification of a subpoena (in the form of cost-shifting measures) requires adequate evidentiary support. Here, SNDA offered almost no evidence to establish that compliance with Sonitrol's subpoenas would subject it to undue burden. This should not suffice. *Plant Genetic Sys. N.V. v. Northrup King Co.*, 6 F.Supp.2d 859, 861 (E.D.Mo. 1998) (failure to specify time or resources necessary to comply with subpoena or indicate how compliance would be burdensome did not satisfy objecting party's burden of proof).

Instead of offering specific evidence to prove its claimed inability to pay and the resulting undue burden, SNDA merely states that it "has no budget for responding to [Sonitrol's] discovery" (while admitting that it has funds reserved for litigation, which may be applied to this discovery). *See* Declaration of Bryan W. Dillon, filed with SNDA's Motion, at ¶2. But no "budget" does not equate with no "funds" or no means to raise funds. That could not be alleged, of course, because SNDA is comprised of members funding its direct lawsuit against Sonitrol as well as SNDA's efforts to review SSI's discovery responses in this case. As for available funding, SNDA offers zero evidence to establish that its membership cannot afford to fund SNDA to comply with the subpoenas in this case. This lack of evidentiary support, without more, should defeat SNDA's motion.

As for the quantum of effort SNDA estimates will be required for subpoena compliance, it again offers inadequate evidence. While SNDA claims to have voluntarily reviewed more than 3,000 documents belonging to SSI and relating to the SNDA/Sonitrol

*Defendants' Opposing Brief to SNDA Motion to Modify Protective Order and Require Cost Shifting for Subpoena Compliance (3:08-cv-5350 RBL) - Page 5 of 8*

HILLIS CLARK MARTIN & PETERSON, P.S.
500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

L # 949348 v 1

negotiations, SNDA fails to explain that its other members, who's documents it intends to review to comply with the subpoenas, will have substantially the same 3,000 documents. Each of the SNDA witnesses who received subpoenas for testimony were on the same Contract Negotiations Committee as SSI's Jim Dopp (which is why SSI has these 3,000 documents) and are likely to have the same documents already reviewed by SNDA's lawyer. In addition, Sonitrol narrowed the scope of documents it expects to receive from SNDA pursuant to the subpoena to only those relating to the contract negotiations. *See* CR 37 Motion, filed by Sonitrol and SNDA, at p. 4. Finally, as for depositions, SNDA failed to inform the Court that, by agreement, Sonitrol is scheduled to depose four of the SNDA witnesses in Baltimore, Maryland over two consecutive days in late June. SNDA requested this location because these witnesses would already be in Baltimore for an SNDA meeting. The other two SNDA witnesses will be deposed within 100 miles of their places of business. Under these circumstances, SNDA cannot establish undue burden to provide the narrow scope of discovery and comply with the subpoenas.

### D. Other Equitable Factors Favor Sonitrol

SSI claims that Sonitrol violated Washington's Consumer Protection Law and accordingly, alleged in its complaint that the claims implicate the public's interest. *See* SSI's First Am. Compl. ¶¶ 54, 86. While Defendants deny these allegations, SNDA has not denied or otherwise distanced itself from this component of SSI's claims. Due to the alleged public's interest in the outcome of SSI's lawsuit, SNDA as a claimed nonparty also has an interest in this civil action. *In re Exxon*, 142 F.R.D. at 383

Further, Sonitrol's requests for production of documents and witness testimony are not unduly invasive. SDNA is required to produce documents and testimony concerning

*Defendants' Opposing Brief to SNDA Motion to Modify Protective Order and Require Cost Shifting for Subpoena Compliance (3:08-cv-5350 RBL) - Page 6 of 8*

HILLIS CLARK MARTIN & PETERSON, P.S.
500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

T. # 949348 v 1

business matters, i.e. its negotiations with Sonitrol over a uniform franchise agreement. SNDA fails to explain how, or to what extent, such discovery will invade its commercially sensitive data beyond what this Court considered in ruling upon and denying SNDA's motion to quash the subpeonas. Moreover, the parties and SNDA submitted to the Court a proposed protective order that allows SNDA to designate its documents as "attorney's eyes only," thus mitigating any invasiveness associated with Sonitrol's discovery requests. This order will prevent Sonitrol's attorney from sharing so designated documents from its own client or introducing so designated documents into the SNDA lawsuit pending in the State of California.

Finally, any consideration relating to the "relative recalcitrance of those involved" does not weigh in favor of awarding SNDA its compliance costs and fees. SNDA admits that Sonitrol is cooperating to take depositions on terms and conditions put forth by the witnesses. In addition, Sonitrol has further agreed to narrow the scope of its requests (again, by limiting documents to be produced and witness testimony to only that which relates to SNDA/Sonitrol negotiations for a uniform franchise agreement).

### III. CONCLUSION

*In re First American Corp.*, the case cited by SNDA in support of its reservation of rights to recover the costs of compliance with the Sonitrol subpoenas – teaches that "[p]rotection from significant expense does not mean that the requesting party necessarily must bear the entire cost of compliance." *In re First American Corp.*, 184 F.R.D. 234, 240 (S.D.N.Y. 1998) (quoting *Linder v. Calero-Portocarrero*, 180 F.R.D. 168, 177 (D.D.C. 1998) (internal quotation omitted) (emphasis added). The equities do not compel departure from the

*Defendants' Opposing Brief to SNDA Motion to Modify Protective Order and Require Cost Shifting for Subpoena Compliance (3:08-cv-5350 RBL) - Page 7 of 8*

HILLIS CLARK MARTIN & PETERSON, P.S.
500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

I. # 949348 v 1

general rule.  Sonitrol is willing to reimburse SNDA for its reasonable copying and mailing costs, but the circumstances do not compel any broader obligation.

DATED this 4th day of June, 2009.

Respectfully,

HILLIS CLARK MARTIN & PETERSON, P.S.

By   /s/ Jeffrey Grossman
    Jeffrey Grossman,
    Admitted *Pro Hac Vice*

Brian C. Free, WSBA #35788
500 Galland Building
1221 Second Avenue
Seattle, WA  98101-2925
Telephone:  (206) 623-1745
Facsimile:  (206) 623-7789
Email:  bcf@hcmp.com

STRADLEY RONON STEVENS & YOUNG, LLP
Jeffrey D. Grossman
2600 One Commerce Sq.
Philadelphia, PA  19103-7098
Phone: 215-564-8061
Fax: 215-564-8120
E-mail:  jgrossman@stradley.com

*Attorneys for Defendants*

---

*Defendants' Opposing Brief to SNDA Motion to Modify Protective Order and Require Cost Shifting for Subpoena Compliance (3:08-cv-5350 RBL) - Page 8 of 8*

HILLIS CLARK MARTIN & PETERSON, P.S.
500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

I.# 949348 v 1

THE HONORABLE RONALD B LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SOUND SECURITY, INC., A WASHINGTON CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SONITROL CORPORATION, a Delaware corporation, et al.<br><br>Defendant. | No.:: C08-5350 RBL<br><br>**DECLARATION OF JEFFERY GROSSMAN IN SUPPORT OF DEFENDANTS' OPPOSING BRIEF TO SNDA'S MOTION TO MODIFY PROTECTIVE ORDER**<br><br>Noted: June 8, 2009 |

I, Jeffrey Grossman, declare as follows:

1. Plaintiff SSI and movant SNDA are related entities. SSI is a Sonitrol franchisee and prominent member of the SNDA, the Sonitrol franchisee association.

2. SSI's President and shareholder, Beau Bradley, is a past President and board member of SNDA.

3. SSI's General Manager, Jim Dopp, was a member of the SNDA Contract Negotiating Committee, which negotiated on behalf of SNDA and its membership with Sonitrol for over two years on terms for a uniform franchise agreement.

4. SSI, along with other Sonitrol franchisees, funds the SNDA through annual dues and other contributions. In turn, the SNDA promotes the interests of SSI along with other Sonitrol franchisee members. The SNDA's lawsuit against Sonitrol, pending in the Superior Court of California, County of San Francisco, is one example of how SNDA attempts to promote the interests of SSI and other Sonitrol franchisees.

5. SSI's claims against Sonitrol in this case, in particular its claim for bad faith conduct relating to Sonitrol's negotiations with SNDA, is of importance to SNDA and its other franchisee members.

6. Before being ordered by the Court to comply with Sonitrol's subpoenas for discovery (and perhaps even before Sonitrol served these subpoenas), the SNDA voluntarily authorized its attorney to review more than 3,000 documents of SSI, responsive to Sonitrol's discovery requests for documents relating to Sonitrol/SNDA negotiations, and SNDA's attorney received and presumably began reviewing these documents. These documents of SSI were responsive to requests that Sonitrol directed to SSI (not SNDA), and SNDA apparently deemed it important enough to spend the claimed $26,000 in attorney's fees for its lawyer to review SSI's documents before SSI produced them to Sonitrol.

7. While SNDA claims to have reviewed more than 3,000 documents belonging to SSI and relating to the SNDA/Sonitrol negotiations, each of the SNDA witnesses who received subpoenas for testimony were on the same Contract Negotiations Committee as SSI's Jim Dopp (which is why SSI has these 3,000 documents) and each of these witnesses are likely to have the same documents already reviewed by SNDA's lawyer.

8. Sonitrol has narrowed the scope of documents it expects to receive from

2

*Certificate of Service (01-CV-00908 MJP)*

HILLIS CLARK MARTIN &
PETERSON, P.S.
500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

L.# 949478 v 1

SNDA pursuant to the subpoena to only those relating to the SNDA/Sonitrol contract negotiations.

9. Also, by agreement between SSI, Sonitrol and SNDA, Sonitrol is scheduled to depose four of the SNDA witnesses in Baltimore, Maryland over two consecutive days in late June. SNDA requested this location because these witnesses would already be in Baltimore for an SNDA meeting. The other two SNDA witnesses will be deposed within 100 miles of their places of business.

10. Since the court order SNDA to comply with these subpoenas, the Parties and SNDA jointly and by agreement submitted to the Court a proposed protective order that allows SNDA to designate its documents that will be produced as "attorney's eyes only." This proposed order will prevent Sonitrol's attorney from sharing so designated documents from its own client or introducing so designated documents into the SNDA lawsuit pending in the State of California.

I declare under penalty of law that the foregoing is true and correct.

Dated: June 4, 2009

By: /s/ Jeffrey Grossman
Jeffrey Grossman,
Admitted *Pro Hac Vice*

3

*Certificate of Service (01-CV-00908 MJP)*

HILLIS CLARK MARTIN &
PETERSON, P.S.
500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

L. # 949478 v 1

# CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of June , 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Renée E. Rothauge
> E-mail: renee.rothauge@bullivant.com
> Susan L. Ford
> E-mail: susan.ford@bullivant.com
> C. Todd Norris
> E-mail: todd.norris@bullivant.com
> BULLIVANT HOUSER BAILEY PC
> 888 SW Fifth Avenue, Suite 300
> Portland, OR 97204-2089
> Phone: 503-228-6351
> Fax: 503-295-0915
>
> *Attorneys for Plaintiff, Sound Security, Inc.*
>
> Bryan W. Dillon
> E-mail: bwd@singler-law.com
> Singler Napell & Dillon, LLP
> 127 S. Main Street
> Sebastopol, CA  95472
> Phone:  (707) 823-8719
> Fax:  (707) 823-8737
>
> *Attorneys for Movant, The Sonitrol National Dealers Association*

DATED this 4th day of June, 2009 at Philadelphia, Pennsylvania.

> By: /s/ Jeffrey Grossman
> Jeffrey Grossman,
> Admitted *Pro Hac Vice*

*Certificate of Service (01-CV-00908 MJP)*

HILLIS CLARK MARTIN & PETERSON, P.S.
500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

L # 949348 v 1