1 HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SOUND SECURITY, INC., a Washington corporation,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SONITROL CORPORATION, a Delaware corporation, et. al.;<br><br><br>　　　　　　　　Defendants. | Case No. C08-5350 RBL<br><br>ORDER GRANTING LEAVE TO AMEND COMPLAINT |

This matter comes before the Court on plaintiff Sound Security, Inc.'s ("SSI") Motion to Amend Complaint. [Dkt. # 57]. Defendant Sonitrol Corporation ("Sonitrol") opposes the motion. For the reasons explained below, the Court GRANTS Plaintiff's motion.

**Background**

SSI's and Sonitrol's franchisee-franchisor relationship soured shortly after SSI purchased the Tacoma territory and the parties could not come to agreement on what terms governed their relationship. SSI claims that what they refer to as the 1977 Tacoma Agreement governs the relationship, while Sonitrol takes the position that it does not. Negotiations proved fruitless, and Defendants threatened to terminate SSI's franchise. On June 2, 2008, SSI filed a complaint against Defendants, alleging violations of the Washington Franchise Investment Protection Act and seeking a declaration that the 1977 Tacoma Agreement is in effect

ORDER
Page - 1

as well as injunctive relief to preserve their alleged rights under the 1977 Tacoma Agreement. On February 5, 2009 Plaintiff amended its complaint with leave of the Court. [*See* Dkt. # 33]. It now seeks to amend again.

Plaintiff proposes changing its fraud and negligent misrepresentation claims to clarify the facts on which those claims are based. Plaintiff also seeks declarations that the 1977 Tacoma Agreement will remain in effect until the parties negotiate a new franchise agreement, and that SSI owns all customer accounts and associated goodwill transferred under the original sale agreement. Plaintiff also seeks to change its damages claims by adding allegations that "SSI has and will continue to suffer damages in amounts to be determined at trial, but not less than the amount of the sale price paid by SSI for the Tacoma Franchise together with the incremental increase in value added to the Tacoma Franchise by SSI's actions since its purchase." Plaintiff argues that the amendments are based on deposition testimony taken in late April.

Defendants oppose plaintiff's motion, arguing that the declaration plaintiff seeks is not available, and that it would be prejudiced if the plaintiff's damage claim was amended. [Dkt. # 64].

**Discussion**

Federal rule of Civil Procedure 15(a) permits a party to amend its pleading with leave of the court, which "shall be freely given when justice so requires." The strong policy of deciding cases on the merits counsels strongly in favor of granting leave. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Factors that counsel against leave to amend include undue prejudice to the opposing party, bad faith, undue delay, futility of amendment, and the repeated failure to cure deficiencies by amendments previously allowed. *Eminence Capital, LLC, v. Aspeon Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The factor of prejudice to the opposing party carries the greatest weight, and the party opposing amendment "bears the burden of showing prejudice." *Id.* Here, the opposing party objects, and argues futility and prejudice.

Sonitrol maintains that a judicial declaration stating that the Tacoma franchise "continues to be governed by the terms and conditions of the 1977 Tacoma Agreement until such time as the parties are able

to negotiate a new franchise agreement" is unavailable as a matter of law, and therefore the amendment would be futile. The Court cannot and need not determine the merits of the contract issues at this stage. The proposed amendment is not futile and is not denied on that basis.

Sonitrol also argues that it will suffer undue prejudice if plaintiff's damages theory is changed, because discovery was conducted on the assumption that plaintiff would only pursue damages based on loss of profits and increased costs. SSI alleges that Sonitrol will not face undue prejudice because "the parties are still engaged in discovery and a substantial amount of time remains until trial." [Dkt. # 58 at 7].

The First Amended Complaint did not state plaintiff would only pursue damages based on loss of profits and increased costs. Throughout the complaint, damages are alleged "in an amount to be proven at trial." In paragraph 57, SSI alleges that Sonitrol's actions caused plaintiff's damages, "*including* in the form of increased costs and lost profits, in amounts to be determined at the time of trial." SSI now merely seeks to add the qualifier that their damages are "not less than" the amount that SSI paid for the Tacoma Franchise and the value SSI has since added to the business. While this clarification may inconvenience Sonitrol, Sonitrol has failed to meet its burden and show undue prejudice. There are also no indications of bad faith or undue delay– the depositions were taken in late April and the motion to amend, based largely on information obtained through these depositions, was filed in mid-May.

Plaintiff's Motion for Leave to File a Second Amended Complaint [Dkt. # 57] is GRANTED. Plaintiff shall file its amended complaint by June 12, 2009.

Dated this 11th day of June, 2009.

/s/ Ronald B. Leighton

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE